IRVING, P.J.,
concurring in part and dissenting in part:
¶ 19. I believe the majority errs in remanding this case for a new trial on damages. I would reverse the trial court’s denial of Loyacono’s motion for a judgment notwithstanding the verdict (JNOV) and grant nominal damages here.
¶ 20. In paragraph fifteen, the majority states:
*986 One juror remained after the jury was dismissed and informed the court that the jury had put a zero in the blank on instruction P-6, but had misplaced the piece of paper. Instruction P-6 read, in part: “We[,] the jury, find for the Plaintiff and assess her damages at $_” This seems to be what the court relied upon in awarding zero damages.
Actually, that is an incomplete recitation of what occurred. First, the instruction P-6 that was given reads as follows: “If you reach a verdict in this case, you should write it on a separate piece of paper. You need not sign it, and it may be in the following form: “We, the jury, find for the Plaintiff and assess her damages at $_” Second, the juror, who was the spokesperson for the jury, explained that the jury had followed the court’s instruction and had written the jury’s verdict on a separate piece of paper. However, she implied that she had inadvertently left the separate piece of paper in the jury room because she said: “That’s the one that I was supposes to have brought down.” Nevertheless, she emphasized that they had entered zero dollars for Loyacono’s damages. Finally, it should be noted that upon receipt of the verdict, the court noted that it was not in the form that it should have been and asked counsel if they had any problem with it. Loyacono’s counsel answered in the negative.
¶ 21. Next, I point out that the trial court did not award zero damages — the jury did — because in its answer to special interrogatory number 3, the jury found that although Shelby’s negligence caused or contributed to the collision, her negligence did not result in any injuries and damages to Loyacono. That is more than clear, as eleven jurors stated that Loyaco-no suffered no injury or damages. Only one juror thought that she did. In a civil trial, nine jurors may return the verdict of the jury. Here, eleven did. And there is ample evidence to support the jury’s verdict. I discuss that next.
¶ 22. When Loyacono saw Shelby backing up, Loyacono stopped her car, apparently enhancing the chance that she would be struck by Shelby. This is indeed strange conduct. I do not think that this fact was lost on the jury, especially since the jury was aware that Loyacono had $2.5 million in uninsured motorist coverage, an amount far exceeding the amount of liability insurance carried by most drivers. Then, there is the fact that Shelby’s vehicle was not damaged. According to Shelby, she only tapped Loyacono’s vehicle as she was backing out, and she did not think anyone could have been injured. Also, there is the testimony of Dr. Allnutt, who explained that the collision did not involve sufficient force to activate the vehicle’s break-away bumper or air bag and that such a collision would likely only result in muscle soreness for a few days. Further, there was the testimony of Dr. Melancon that Loyacono had been diagnosed with a disc hernitation and degenerative-disc disease before the accident.
¶ 23. The jury may well have believed, as Shelby testified, that the accident involved a light tap and no damages. Certainly, Shelby was a competent witness. I am aware that there was medical testimony that would suggest that Loyacono was at least entitled to nominal damages. However, that would be the case only if the injuries that were outlined by the doctors were caused by the accident. Nevertheless, the trial court granted a directed verdict on liability. While I think that was error based on the unique facts of this ease, that issue is not before us, as there is no cross-appeal. Since the law is clear that when liability has been established and there is unrefuted evidence of injuries, a plaintiff is at least entitled to nominal damages. Therefore, rather than remand for a new trial oh damages, I would grant *987 nominal damages here in the amount of $1,000. The jury has already rejected Loyacono’s evidence that the injuries that she allegedly suffered were caused by Shelby’s negligence. Therefore, she is entitled to nominal damages, but only because of the principle of law that when a directed verdict is awarded and there is unrefuted evidence of injury, the plaintiff is entitled to some damages, no matter how slight.
¶24. For the reasons presented, I would reverse the trial court’s judgment denying Loyacono’s motion for a JNOV and grant judgment here for her in the amount of $1,000.